interest, under the statute, though no demand is made.

We would ordinarily proceed under § 512.160(3), RSMo.1978 to give wife the judgment the trial court ought to have given her. We cannot do so because we cannot calculate the interest on the business sale proceeds to which wife is entitled—the trial court made no finding as to the date husband received those proceeds, and we cannot fix that date with confidence on this record. Therefore, the judgment is vacated and this cause is remanded with instructions to determine the date on which husband received the proceeds from the sale of his dry cleaning business, and to thereupon enter judgment for wife consistent with this opinion.

Judgment vacated and cause remanded with instructions.

CRANDALL, P.J., and REINHARD, J., concur.

childless marriage and dividing between them what the trial court found to be marital property. Three of husband's four assignments of error challenge dispositions of property. However, the trial court's judgment on those dispositions is supported by substantial evidence and no error of law appears. An extended opinion on those facets of the judgment would have no precedential value, and the judgment to that extent is affirmed in accordance with Rule 84.16(b).

Husband correctly assigns error to conflicting orders in the dissolution decree for payment of costs. In one part of the decree costs are assessed against husband; in another part, they are assessed against wife. Under § 512.160(3), RSMo. 1978, we modify the decree to provide that husband, and not wife, shall pay the costs. As modified, the judgment is affirmed.

Affirmed as modified.

CRANDALL, P.J., and REINHARD, J., concur.

**Wanda Marie STRELOW, Respondent,**

v.

**Kenneth Roland STRELOW, Appellant.**

**No. 44637.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 8, 1983.

**Montie B. JONES, Appellant,**

v.

**Clinton MANESS, et al., Respondents.**

**No. 45434.**

Missouri Court of Appeals,
Eastern District, Division Four.

March 8, 1983.

Frank Conard, St. Charles, for appellant.

Reginald P. Bodeux, Stephen L. Kennedy, St. Charles, for respondent.

CRIST, Judge.

Ex-husband (husband) appeals from a judgment dissolving the parties' three-year,

